

FILED
JUN 01 2010
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DIESEL MACHINERY, INC.,<br>a South Dakota Corporation, | \* <br> \* <br> \* | CIV. 09-4087 |
| Plaintiff, | \* <br> \* | |
| vs. | \* <br> \* | MEMORANDUM OPINION <br> AND ORDER |
| THE MANITOWOC CRANE GROUP,<br>a Wisconsin Corporation;<br>THE MANITOWOC COMPANY, INC.,<br>a Wisconsin Corporation;<br>MANITOWOC CRANES, INC.,<br>a Wisconsin Corporation;<br>GROVE U.S., LLC,<br>a Delaware Limited Liability Company;<br>NATIONAL CRANE CORPORATION,<br>a Delaware Corporation;<br>DEUTSCHE GROVE GMBH,<br>a German Limited Liability Company;<br>POTAIN SAS,<br>a French Limited Liability Company; | \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* | |
| Defendants. | \* <br> \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending before the Court is Defendants' Motion for Leave to Amend Answer and Assert Counterclaim (doc. 32). Plaintiff does not oppose the amendment of the Answer but does resist any amendment asserting a counterclaim.

## BACKGROUND

A review of the file indicates Plaintiff Diesel Machinery, Inc. ("DMI") filed this breach of contract action two days after receiving 90 days advance notice by Grove US, LLC ("Grove") and Deutsche Grove GMBH ("GMK") of their intent to terminate the Distributor Sales and Service Agreement with DMI (doc. 1). Termination was to occur 90 days following DMI's receipt of the termination notice, or on September 15, 2009 (doc. 34). Defendants filed their Answer on September 8, 2009 (doc. 19). That same day Grove and GMK provided notice to DMI withdrawing

the notice of termination (doc. 34, ex. B). By letter dated October 7, 2009, DMI responded that it considered the withdrawal of the notice of termination a "legal maneuver" (doc. 34, ex. C).

The parties mediated the case on November 19, 2009, with Magistrate Judge John Simko but were unable to resolve the dispute. They filed their Rule 52 Report (doc. 28) and a Rule 16 Scheduling Order was entered on January 8, 2010 (doc. 30). The scheduling order provides "the parties shall have until February 5, 2010, to move to join additional parties and to amend the pleadings." The pending motion was filed on February 5, 2010. Defendants seek to assert a counterclaim against DMI for breach of contract for its refusal to perform under the contract.

## DISCUSSION

Although Defendants do not have an automatic right to amend their answer, Federal Rule of Civil Procedure 15(a) declares that leave to amend should be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2). "Given the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for a denial." *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). "A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (internal quotations and citations omitted).

Plaintiff contends Defendants "sat on" their counterclaim for four months without asserting it. Delay in moving to amend a pleading is insufficient by itself to deny leave to amend. *See Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004); *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000). "Rather, the party opposing the motion must show it will be unfairly prejudiced." *Dennis*, 207 F.3d at 525. Plaintiff does not claim it will be prejudiced if Defendants are allowed to assert the counterclaim. Furthermore, Defendants filed the motion to amend within the time provided to do so in this Court's scheduling order.

Plaintiff asserts that the counterclaim should not be allowed because Defendants "stonewalled" discovery and attempted to coerce Plaintiff into stipulating to "an overbearing protective order." The Court will not deny leave to amend and assert the counterclaim based on these representations by counsel for Plaintiffs. Accordingly,

IT IS ORDERED:

1. That Defendants' Motion for Leave to Amend Answer and Assert Counterclaim (doc. 32) is GRANTED.

2. That Defendants shall file the Amended Answer to Complaint and Counterclaim with the Clerk without highlighting or redlining within 5 business days.

Dated this 2nd day of June, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By_____
Deputy