UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DIESEL MACHINERY, INC., A South Dakota Corporation, | * * * | CIV 09-4087-RAL |
| Plaintiff, | * * | |
| vs. | * * | OPINION AND ORDER GRANTING LEAVE TO FILE |
| MANITOWOC CRANE GROUP, A Wisconsin Corporation; MANITOWOC COMPANY, INC., A Wisconsin Corporation; MANITOWOC CRANES, INC., A Wisconsin Corporation; GROVE U.S., LLC, A Delaware Limited Liability Company; NATIONAL CRANE CORPORATION, A Delaware Corporation; DEUTSCHE GROVE GMBH, A German Limited Liability Company; and POTAIN SAS, A French Limited Liability Company, | * * * * * * * * * * * * * * * | AND SERVE AMENDED ANSWER AND COUNTERCLAIM |
| Defendants. | * | |

Among the various motions pending in this case is Defendants' Motion for Leave to File Amended Answer to Complaint and Counterclaim Beyond the Date Specified in the Court's Previous Order (Doc. 93). In short, Defendants filed a Motion for Leave to Amend Answer and Assert Counterclaim (Doc. 32) on February 5, 2010. Defendant attached a copy of the proposed Amended Answer and Counterclaim showing the changes by black lining and bold facing content. (Doc. 32-2). Plaintiff resisted, notwithstanding that the motion was timely under the Court's scheduling order, and asserted that the Defendants "sat on" their counterclaim for four months and had "stonewalled" in discovery. In a Memorandum Opinion and Order dated June 2, 2010 (Doc. 60), the Honorable Lawrence L. Piersol granted Defendants' leave to amend and assert the counterclaim directing that the filing be "within five business days."

According to affidavits from one defense counsel, defense counsel forgot to file the

Amended Answer and Counterclaim (Doc. 95 and 103). Defendants blame the failure to file the pleading on the "excusable neglect" of their counsel and note that Rule 6(1)(B) of the Federal Rules of Civil Procedure provides that "When an act must be done within a specified time, the court may, for good cause, extend the time . . . (B) on a motion made after the time as expired if the party failed to act because of excusable neglect." See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 388 and 392 (1993) (excusable neglect is "elastic concept" empowering court to accept where appropriate . . . late filings caused by inadvertence, mistake, or carelessness"). The court is to consider "all relevant circumstances" to determine if there has been excusable neglect. Sugarbaker v. SSM Health Care, 187 F.3d 853, 856 (8th Cir. 1999). Particularly important factors include the possibility of prejudice to the other party, the length of the delay and impact of that delay on the judicial proceedings, the reason for the delay and whether it was under the control of that party, and whether the party claiming excusable neglect acted in good faith. See id. Here, Defendants' counsel stated that he first realized his failure to file the Amended Answer and Counterclaim on July 28, 2010, and filed the motion and brief addressing the issue on August 2, 2010.

Plaintiff resists this motion and points the Court to the four factor test from Pioneer, 507 U.S. at 395, as set forth in In re Guidant Corp. Implantable Defibrillators Products Liability Litigation, 496 F.3d 863, 866-67 (8th Cir. 2007). The Court has considered those factors as well.

Here, Defendants' counsel neglected to file the Amended Answer and Counterclaim. He realized his error and within two months of the deadline set by Judge Piersol's order to file the pleading and, within five business days of realizing his oversight, filed this motion. Plaintiff knew of the content of the Amended Answer and Counterclaim in early February, because a copy of the proposed Amended Answer and Counterclaim was attached to the initial motion (Doc. 32-2).

This case presently is not set for trial. Judge Piersol entered an order setting September 30, 2010, as the discovery deadline and then assigned the case to the undersigned judge. There are a series of motions pending before the Court. The Court having considered all relevant circumstances, finds that excusable neglect occurred and that neither the Pioneer nor the Sugarbaker factors merit denial of Defendants' motion. Therefore, it is

ORDERED that Defendant's Motion for Leave to File Amended Answer to Complaint and Counterclaim (Doc. 93) is granted and that Defendant has seven calendar days from the date

of this order to file that pleading.

Dated October 5, 2010.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE