UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DIESEL MACHINERY, INC., <br> A South Dakota Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> THE MANITOWOC CRANE GROUP, <br> a Wisconsin Corporation; <br> THE MANITOWOC GROUP, INC., <br> a Wisconsin Corporation; <br> MANITOWOC CRANES, INC., <br> a Wisconsin Corporation; <br> GROVE U.S., LLC, <br> a Delaware Limited Liability Company; <br> NATIONAL CRANE CORPORATION, <br> a Delaware Corporation; <br> DEUTSCHE GROVE GMBH, <br> a German Limited Liability Company; <br> POTAIN SAS, <br> a French Limited Liability Company, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | CIV 09-4087-RAL <br><br><br><br> OPINION AND ORDER <br> ON VARIOUS MOTIONS |

Before the Court are a series of discovery and dispositive motions in this case. This Court recently issued a scheduling order extending the deadline for discovery to May 16, 2011, but keeping a motion hearing for March 18, 2011, at 9:00 a.m., to address all motions not disposed of by that date (Doc. 174). Various motions are ripe for ruling at this time.

**I. Plaintiff DMI's Motion to Compel Defendants to Produce Electronic Evidence in Native Format (Doc. 160), and Defendants' Motion for Leave to File a Sur-Reply in Opposition (Doc. 180)**

On November 29, 2010, Plaintiff Diesel Machinery, Inc. ("DMI") filed a Motion to Compel Defendants to Produce Electronic Evidence in Native Format (Doc. 160), along with a

supporting brief (Doc. 161). Defendants (collectively referred to as "Manitowoc") filed an opposition brief (Doc. 165) on December 20, 2010, and DMI filed a reply brief (Doc. 172) on January 3, 2011. On January 21, 2011, Manitowoc filed a motion for leave to file a sur-reply (Doc. 180).

Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure establishes the procedures applicable to production of electronically stored information ("ESI"). "Unless otherwise stipulated or ordered by the court," the Rule 34(b)(2)(E) procedures govern ESI production. Fed. R. Civ. P. 34(b)(2)(E). Under Rule 26, "[a] discovery plan must state the parties' views and proposals on: (C) any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced." Fed. R. Civ. P. 26(f)(3)(C). On November 13, 2009, the parties filed a "Form 52 Report and Scheduling Information" with the Court. (Doc. 28). The report stated the following:

> **B.  Production of Electronic Evidence.**
>
> (1) <u>Electronic evidence shall be produced in its native format with hidden files and metadata intact.</u>
> (2) To the extent special or proprietary programs are necessary to read digital evidence, the producing party shall make such program(s) reasonably available to opposing counsel so the evidence can be read.

(Doc. 28, at 5) (emphasis added). On January 8, 2010, the Court entered a Scheduling Order stating that "[t]he Report of Parties' Planning Meeting is hereby approved and adopted by the Court." (Doc. 30).

The parties conferred on January 8, 2010 and discussed the document production in this case. The parties agree that Manitowoc offered at this conference to provide paper documents, and DMI consented to a production in Portable Document Format ("PDF"). The parties dispute

whether acceptance by DMI of such documents in PDF constituted an alteration or waiver of the agreement for the parties to produce documents in native format. DMI argues that it never waived its agreement with Manitowoc that the parties would produce documents in native format, that there was no understanding that DMI was accepting PDF documents in lieu of native format documents and that, therefore, Manitowoc still is required to produce documents in native format.[1] DMI maintains that Manitowoc offered to provide paper PDF printouts for the first group of documents produced so that DMI could have some documents to review in advance of scheduled depositions, as Manitowoc claimed that PDF documents could be produced more expeditiously. DMI affirms that it informed Manitowoc when accepting the PDF documents that it still expected to eventually receive documents in native format. (Doc. 161-14). Manitowoc did not produce the documents in PDF until March of 2010. On June 6, 2010, DMI wrote to Manitowoc, noting that:

> DMI's first and second Request for Production of Documents under Rule 34 requested that electronically stored documents be produced in their "native format." Defendants' responses did not complain about that and Rob[ert Diehl] and I spoke about providing DMI paper documents at first because that would be quicker. At this point, however, DMI requests full compliance with Rule 34(b)(2)(D) in that all electronically stored documents, and particularly e-mail, be produced in their native format with all metadata intact. Please let know if I need to file a motion for this.

(Doc. 161-11, Healy June 6, 2010 Letter to Diehl). On June 17, 2010, DMI sent another letter to Manitowoc, noting that:

> "[i]n January, Mr. Diehl indicated that paper documents could be produced more quickly than electronic documents and so I agreed to accept the paper for the time being and then allow defendants to produce electronic documents at a more leisurely pace." (Doc. 161-12, Healy June 17, 2010 letter to Diehl).

---

[1] DMI noted in its briefing that "paper documents that defendants . . . did not maintain in electronic format are excluded from this request." (Doc. 161, at 1).

In addition, DMI contends that Manitowoc's document production is not reasonably useful because the documents did not include any organization, labeling or index. Rule 34(b)(2)(E) requires that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E).

On the other hand, Manitowoc argues that, following the Form 52 Report (Doc. 28) and subsequent Scheduling Order (Doc. 30), the parties reached an agreement to accept document production in PDF in lieu of native format. Manitowoc claims that it produced documents in PDF in reliance on such an agreement and accepted DMI's discovery production in PDF rather than native format. (Doc. 161-12). Manitowoc spent "approximately 1,000 hours to the effort of producing documents in pdf." (Doc. 166). On August 23, 2010, Manitowoc wrote to DMI, described the prior conversations concerning production of documents, and noted that the parties in those conversations "agreed to production of [Manitowoc's] documents in PDF format." (Doc. 161-13, Diehl letter to Healy, Aug. 23, 2010). In addition, Manitowoc contends that reproducing the same documents in native format would be unduly burdensome and costly.

Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure places the following specific limitations on ESI:

> "A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)."

Fed. R. Civ. P. 26(b)(2)(B).

> Rule 26(b)(2)(C) requires the Court to limit the scope of discovery of ESI if:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefits, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Based on Rule 26(b)(2)(C), this Court will not require Manitowoc to produce in native format any documents already produced in PDF. Because the documents already have been produced in PDF - a more convenient, less burdensome, and less expensive source to Manitowoc - production in native format would be unreasonably cumulative and duplicative. The burden or expense of such additional discovery, which would only serve the purpose of metadata production, outweighs any potential benefits. The primary issues in this case concern: 1) whether Manitowoc's 90-day notice of termination to DMI, which was later rescinded, constituted a cancellation under the South Dakota Dealer Protection Act ("SDDPA"); 2) whether Manitowoc cancelled DMI's dealership "unfairly, without due regard to the equities of [DMI] and without just provocation;" 3) whether this constituted a breach of contract; and 4) whether punitive damages are recoverable. DMI has not demonstrated how reproduction in native format would further aid in discovery on or resolution of these issues. Reproducing the documents in a different format would cost Manitowoc several thousands of dollars in additional expenses. (Doc. 165, Doc. 166). Requiring Manitowoc to reproduce the same documents in native form also would necessitate duplicate time and expense to be spent on redacting extensive information

that has been ruled non-discoverable.[2] Manitowoc already has devoted approximately 1,000 hours to its document production.

Although the parties did not memorialize in writing an agreement modifying the terms of the Form 52 Report, it is unlikely that Manitowoc would have either accepted a PDF production from DMI or devoted the time and expense to redact and produce to DMI documents in PDF absent such an agreement. Manitowoc has done both. By accepting the documents in PDF, DMI has had ample opportunity to obtain and review discovery of the information contained in those documents. Thus, the Court finds that the parties - through an agreement in January of 2010 - agreed under Rule 34(b)(2)(E) to modify the procedures applicable to production of ESI in this case. As a result, Manitowoc did not understand there to be a need to formally object under Rule 34(b)(2)(D) to the requested form for ESI production stated in DMI's requests for production. (Doc. 161-3, 161-4). To the extent that the PDF documents produced to DMI were not produced as kept in the usual course of business, however, Manitowoc must label the documents under Rule 34(b)(2)(E)(i) to correspond to the categories in DMI's discovery requests. DMI's Motion to Compel Defendants to Produce Electronic Evidence in Native Format is otherwise denied.

This Court denies Manitowoc's Motion for Leave to File a Sur-Reply (Doc. 180) in Opposition to Plaintiff DMI's Motion to Compel Defendants to Produce Electronic Evidence in

---

[2]United States Magistrate Judge John E. Simko ordered that the following evidence is non-discoverable: documents related to other termination notices, documents related to Manitowoc's plan to consolidate territories and dealers (other than to the extent that other South Dakota dealers are or were affected), prior dealer protection act claims brought under any statute other than SDCL 37-5-3, and documents showing Grove's market share in the Midwest and nationally. (Doc. 144, at 10-13). This Court overruled DMI's objections to Judge Simko's order on January 14, 2011. (Doc. 175).

Native Format. Local Rule 7.1 establishes the briefing schedule for motions in the District of South Dakota, and it does not permit a sur-reply without leave of the court. Because there is no need for a sur-reply to assist the Court in ruling on DMI's Motion to Compel Defendants to Produce Electronic Evidence in Native Format,[3] Manitowoc's motion for leave to file a sur-reply is denied.

## II. DMI's Motion to Compel Answers to Counterclaim Interrogatories (Doc. 184)

On January 25, 2011, DMI filed a Motion to Compel Answers to Counterclaim Interrogatories (Doc. 184). Manitowoc filed a Memorandum in Opposition (Doc. 193) on February 8, 2011.

On October 23, 2009, DMI served 18 interrogatories on Manitowoc (Doc. 184-1). On November 9, 2009, DMI served 8 additional interrogatories (Doc. 184-2). Manitowoc filed a counterclaim (Doc. 129) on October 6, 2010. On December 14, 2010, DMI served 12 interrogatories, many of which addressed Manitowoc's counterclaim. See Doc. 184-3, (Defendants' Answers to DMI's Third Interrogatories).

This dispute concerns whether DMI has exceeded the 30 interrogatories permitted under Rule 33 by the parties' stipulation in their Form 52 Report (Doc. 28), the Court's Rule 16 Scheduling Order (Doc. 30), the Court's First Amended Rule 16 Scheduling Order (Doc. 149), and the Court's Second Amended Rule 16 Scheduling Order (Doc. 174). DMI contends that it is permitted 30 interrogatories on its claims and an additional 30 interrogatories on Manitowoc's

---

[3]Manitowoc included its proposed sur-reply (Doc. 181-1) as an exhibit to its brief in support of its motion for leave to file a sur-reply. The Court notes that the proposed sur-reply advanced argument on the issue of Manitowoc's inconsistent redactions of identical documents in its PDF production to DMI. Manitowoc noted that any inconsistencies were inadvertent and the result of the large volume of documents reviewed in a relatively short period.

counterclaims. Manitowoc disagrees and notes that many of the interrogatories already answered contained subparts.

The parties' prior stipulation and the Court's initial and amended Rule 16 Scheduling Orders permit a maximum of 30 interrogatories from each side in discovery in this case. DMI has served a total of 32 interrogatories on Manitowoc. Manitowoc answered none of the final 12 interrogatories served on it. Therefore, this Court grants in part and denies in part DMI's Motion to Compel Responses to Counterclaim Interrogatories. The motion is granted with respect to Interrogatories 1 through 10 of DMI's Third Set of Interrogatories, and the motion is denied with respect to Interrogatories 11 and 12 of DMI's Third Set of Interrogatories. Manitowoc shall answer Interrogatories 1 through 10 of DMI's Third Set of Interrogatories within 21 calendar days of this Opinion and Order.

### III. DMI's Motion to Extend Deadlines (Doc. 185)

On January 25, 2011, DMI filed a Motion to Extend Deadlines (Doc. 185) for Filing Reply Supporting DMI's Motion for Partial Summary Judgment, Response Opposing Defendants' Motion for Summary Judgment, and Response to Defendants' Motion to Dismiss Uninvolved Defendants. Manitowoc filed a Memorandum in Opposition (Doc. 190) on February 3, 2011.

#### A. Deadline for Filing Reply Brief in Support of Motion for Partial Summary Judgment

In its motion, DMI requested an extension of time to file its Reply brief in support of its Motion for Partial Summary Judgment. Alternatively, DMI requested that its Motion for Partial Summary Judgment be denied without prejudice to refiling in accordance with the deadline for filing motions under the Court's Second Amended Rule 16 Scheduling Order.

According to this Court's November 3, 2010 Order on Discovery Motions (Doc. 148), the deadline for DMI's Reply brief was February 8, 2011. DMI previously received two extensions to the deadline for filing of its Reply brief. DMI filed a Motion for Partial Summary Judgment and Statement of Undisputed Facts (Doc. 61) on its own accord on June 2, 2010, along with a Memorandum in Support (Doc. 70). Under Rule 56, "a party may file a motion for summary judgment *at any time* until 30 days after the close of discovery." Fed. R. Civ. P. 56(b) (emphasis added). Rule 56 does not require completion of discovery prior to completion of summary judgment briefing. DMI does not wish to file its Reply brief in support of its Motion for Summary Judgment until the close of discovery.

The Court understands that DMI filed its Motion for Partial Summary Judgment "in June 2009 to comply with the then existing Scheduling Order." (Doc. 185, at 2). DMI wished to wait until the close of discovery to file its Motion for Partial Summary Judgment. The new discovery and motions deadline is May 16, 2011. (Doc. 174). Therefore, the Court denies DMI's motion to extend the deadline for filing a reply brief in support of its Motion for Partial Summary Judgment. The Court grants DMI's request in the alternative (Doc. 185, at 2) for its Motion for Partial Summary Judgment (Doc. 61) to be denied without prejudice to refiling in accordance with the Court's Second Amended Rule 16 Scheduling Order.

### B. Deadline for Filing Opposition to Manitowoc's Cross-Motion for Summary Judgment

On July 14, 2010, Manitowoc filed a Cross-Motion for Summary Judgment (Doc. 84), a Memorandum in Support (Doc. 86), and a Statement of Undisputed Material Facts (Doc. 85). DMI subsequently sought (Doc. 92) and received (Doc. 148) an extension of the deadline for filing its opposition brief until February 8, 2011, which was then the close of discovery. The

Court also ruled that Manitowoc may file a sur-reply, if it so chooses, by February 21, 2011. Manitowoc opposes DMI's motion to extend, contending that its Cross-Motion for Summary Judgment is ripe for completion of briefing. The motion has been pending since July 14, 2010.

Under Rule 56(d):

> "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). DMI has failed to show that it cannot present facts essential to justify its opposition to Manitowoc's Cross-Motion for Summary Judgment. DMI has on multiple occasions argued that it has insufficient evidence by which it may respond to Manitowoc's dispositive motion, and that it needs additional discovery or that discovery must be completed before it can file a response. In September of 2010, DMI's counsel stated that "[t]he reason DMI requested and the Court granted the First Extension is the same reason DMI requests this Second Extension - DMI needs to have documents produced that are the subject of a Motion to Enforce pending before Magistrate [Judge] Simko before DMI can commence depositions, and DMI needs both documents and the depositions before DMI can file its final summary judgment brief." (Doc. 112; see also Doc. 185). DMI misinterprets the Court's prior ruling. Although the Court considered the date for the close of discovery when determining the length of each of DMI's two extensions (Doc. 105, Doc. 148), the Court never ruled that discovery must be completed before requiring DMI to respond to Manitowoc's Cross-Motion for Summary Judgment. Rather, the Court permitted the parties an extension to the briefing schedule while it sifted through the flurry of pending discovery motions at that time. The Court's Second

Amended Rule 16 Scheduling Order noted that any pending motions ripe for determination would be addressed at a motions hearing on March 18, 2011, which is prior to the close of discovery. (Doc. 174). In addition, on October 28, 2010, Judge Simko issued an Order (Doc. 144) on the Motion to Enforce. DMI previously identified the need for a ruling on the Motion to Enforce as "the reason" DMI requested an extension. (Doc. 112).

Manitowoc argues that its Cross-Motion for Summary Judgment concerns threshold issues that do not require additional discovery and that an additional extension is unwarranted and will unnecessarily increase litigation costs. Accordingly, Manitowoc contends that its motion is ripe for completion of briefing.

Manitowoc's Cross-Motion for Summary Judgment hinges on whether Manitowoc terminated a franchise agreement between the parties. A threshold question of law underlying DMI's SDDPA and breach of contract claims - on which Manitowoc moved for summary judgment - is whether such a termination occurred. The parties have not disputed that a franchise agreement was entered into by various parties in 2005, Defendant Grove delivered to DMI a 90-day notice of its intent to terminate the agreement on June 17, 2009, and that Grove transmitted a withdrawal of that notice on September 8, 2009. See (Doc. 61, ¶¶ 74-79) (DMI's Motion for Partial Summary Judgment and Statement of Undisputed Facts); (Doc. 89, at 12) (Manitowoc's Response to Motion for Partial Summary Judgment and Statement of Undisputed Facts).

The SDDPA criminalizes a manufacturer's cancellation of a dealer "without due regard to the equities of the dealer and without just provocation." SDCL § 37-5-3; Groseth Int'l v. Tennenco, Inc., 410 N.W.2d 159, 168 (S.D. 1987). The SDDPA also provides civil remedies for violation of SDCL 37-5-3. SDCL § 37-5-4 ("Each and every person and corporation who or

which violates any provision of §§ 37-5-1 to 37-5-3, inclusive, shall be liable to any dealer damaged thereby for all damages caused to such dealer by such violation."). Under SDCL § 37-5-3, a dealer must prove that its distributorship was canceled. Manitowoc contends that the claims asserted by DMI fail as a matter of law because the agreement was never terminated, because Manitowoc withdrew the notice of termination before the date of termination. DMI argues that Manitowoc's notice of termination meets the definition of a cancellation as used SDCL § 37-5-3.

Whether a cancellation occurred appears to be a matter of law. This issue forms the basis for Manitowoc's Cross-Motion for Summary Judgment. Additional discovery does not appear to be needed on this issue. DMI has not submitted an affidavit or declaration specifying reasons why it cannot present facts essential to justify its opposition, as required under Rule 56(d). Rather, in its brief DMI speculated that additional discovery will result in disclosure of facts that will support its response to Manitowoc's motion. (Doc. 185). DMI also noted that Manitowoc supported its Cross-Motion for Summary Judgment with affidavits from witnesses who had not yet been deposed. (Id.). Because DMI has not identified any specific facts or reasons or otherwise shown why additional discovery is necessary before DMI may present a response in opposition to Manitowoc's dispositive motion - which is based on the threshold legal issue discussed above - the Court finds that DMI has not met the requirements for relief under Rule 56(d) or otherwise demonstrated good cause for an extension under Rule 6(b).

The Court granted in its September 10, 2010 Order (Doc. 105) DMI's request to file one brief that jointly constitutes its reply brief supporting its Motion for Partial Summary Judgment and its brief opposing Defendants' Cross-Motion for Summary Judgment. Because the Court

denies without prejudice DMI's Motion for Partial Summary Judgment, however, a reply brief supporting DMI's Motion for Partial Summary Judgment would be moot. Accordingly, if DMI wishes to oppose Manitowoc's Cross-Motion for Summary Judgment, DMI must file a brief opposing that motion by March 2, 2011. Manitowoc shall have until March 9, 2011, to file any reply brief.

### C. Deadline for Filing Opposition to Manitowoc's Motion to Dismiss Uninvolved Defendants

On September 30, 2010, Manitowoc filed a Motion to Dismiss Uninvolved Defendants (Doc. 121), along with a supporting brief (Doc. 122) and Statement of Undisputed Material Facts (Doc. 123). On November 3, 2010, that motion was converted into a motion for summary judgment, and DMI was given an extension until February 18, 2011 - then 10 days after the close of discovery - to file an opposition brief. (Doc. 148). The Court's Second Amended Rule 16 Scheduling Order (Doc. 174) extended the close of discovery until May 16, 2011. (Doc. 174). DMI now requests an additional extension to file an opposition brief, until May 26, 2011.

Manitowoc's Motion to Dismiss Uninvolved Defendants concerns five of the defendants - The Manitowoc Crane Group, The Manitowoc Company, Inc., Manitowoc Cranes, Inc., National Crane Corporation, and Potain SAS. According to Manitowoc, one of these defendants (Manitowoc Crane Group) is not a legal entity and the other four had no contractual relationship with DMI. The legal status of Manitowoc Crane Group and the contractual relationship between the other four defendants subject to this motion vis-a-vis DMI are fairly basic threshold legal issues on which minimal discovery is necessary. The Motion to Dismiss Uninvolved Defendants has been pending since September 30, 2010, and DMI has not demonstrated a need or good cause

under Rules 56(d) or 6(b), respectively, for further discovery prior to filing its opposition materials. Accordingly, DMI's Motion to Extend Certain Motion Response Dates until the close of discovery (Doc. 185) is denied as it pertains to Manitowoc's Motion to Dismiss Uninvolved Defendants. DMI shall have until March 2, 2011 to file its opposition materials. Manitowoc shall have until March 9, 2011, to file any reply brief.

## IV. DMI's Motion for Extension of Time to File Reply Brief Supporting Motion to Depose Mark Klaiber (Doc. 192)

On February 8, 2011, DMI filed a Motion for Extension of Time (Doc. 192) to File Reply Brief Supporting DMI's Motion to Depose Mark Klaiber.[4] In its motion, DMI noted that Manitowoc's response (Doc. 186) to DMI's pending Motion to Compel Deposition of Mark Klaiber (Doc. 173) argued that DMI has other means by which to obtain the information it seeks from a deposition of Klaiber and that DMI has not demonstrated that Klaiber is uniquely in possession of material critical to its case. Manitowoc contended that DMI consequently cannot satisfy the rule of Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986), in which the Eighth Circuit held that a party seeking the deposition of counsel for an opposing party must demonstrate that:

> (1) no other means exist to obtain the information than to depose opposing counsel;
> (2) the information sought is relevant and nonprivileged; and
> (3) the information is crucial to the preparation of the case.

Id.

DMI argues that it can make such a showing following depositions of "the core defense witnesses," which "will be completed by February 16, 2011." (Doc. 192). Accordingly, DMI

---

[4]Mark Klaiber serves as in-house legal counsel to Manitowoc.

requested an extension until February 18, 2011 to file its reply brief in support of its Motion to Compel Deposition of Mark Klaiber. Therefore, for good cause shown under Rule 6(b), the Court grants DMI's motion for an extension of time until February 18, 2011 to file its reply brief in support of its motion to compel the deposition of Mark Klaiber.

## V. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Plaintiff DMI's Motion to Compel Defendants to Produce Electronic Evidence in Native Format (Doc. 160) is denied. It is further

ORDERED that Defendants' Motion for Leave to File a Sur-Reply in Opposition to DMI's Motion to Compel Defendants to Produce Electronic Evidence in Native Format (Doc. 180) is denied. It is further

ORDERED that DMI's Motion to Compel Answers to Counterclaim Interrogatories (Doc. 184) is granted in part and denied in part. The motion is granted with respect to Interrogatories 1 through 10 of DMI's Third Set of Interrogatories, and the motion is denied with respect to Interrogatories 11 and 12 of DMI's Third Set of Interrogatories. Manitowoc shall serve answers to such interrogatories within 21 calendar days of this Order. It is further

ORDERED that DMI's Motion to Extend Deadlines (Doc. 185) is granted in part and denied in part. DMI shall file a brief opposing Manitowoc's Cross-Motion for Summary Judgment by March 2, 2011, and Manitowoc shall have until March 9, 1011, to file any reply brief. DMI shall have until March 2, 2011 to file its opposition materials to Manitowoc's Motion to Dismiss Uninvolved Defendants, and Manitowoc shall have until March 9, 2011, to file any reply brief. It is further

ORDERED that DMI's Motion for Partial Summary Judgment (Doc. 61) is denied without prejudice to refiling in accordance with the Court's Second Amended Rule 16 Scheduling Order. It is further

ORDERED that DMI's Motion for Extension of Time to File Reply Brief Supporting Motion to Depose Mark Klaiber (Doc. 192) is granted. DMI shall have until February 18, 2011 to file its reply brief in support of its Motion to Compel Deposition of Mark Klaiber.

Dated February 16, 2011.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE