UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
JUN 14 2011

| | | |
|---|---|---|
| DIESEL MACHINERY, INC.,<br>A South Dakota Corporation, | * | CIV 09-4087-RAL |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER<br>GRANTING IN PART<br>DEFENDANTS' MOTION FOR |
| THE MANITOWOC CRANE GROUP,<br>a Wisconsin Corporation;<br>THE MANITOWOC GROUP, INC.,<br>a Wisconsin Corporation;<br>MANITOWOC CRANES, INC.,<br>a Wisconsin Corporation;<br>GROVE U.S., LLC,<br>a Delaware Limited Liability Company;<br>NATIONAL CRANE CORPORATION,<br>a Delaware Corporation;<br>DEUTSCHE GROVE GMBH,<br>a German Limited Liability Company;<br>POTAIN SAS,<br>a French Limited Liability Company, | * | AMENDED SCHEDULING<br>ORDER AND LEAVE TO<br>SERVE ADDITIONAL<br>INTERROGATORIES |
| Defendants. | * | |

## I. INTRODUCTION

Defendants, collectively referred to as "Manitowoc," filed a motion (Doc. 245) on May 16, 2011, for an amended scheduling order and for leave to serve additional interrogatories on Plaintiff Diesel Machinery, Inc. ("DMI"). Manitowoc requested a 160-day extension of the discovery and all other scheduling order deadlines and to serve 15 additional interrogatories "for the limited purpose of discovering facts regarding DMI's newly asserted claim of breach of the implied duty of good faith and fair dealing." (Doc. 246).

## II. PROCEDURAL BACKGROUND

This Court entered a Second Amended Rule 16 Scheduling Order on January 7, 2011, which established May 16, 2011 as the discovery deadline and the deadline for filing and serving all motions other than motions in limine. (Doc. 174). No trial date has been set. At the time the May 16, 2011, discovery deadline was set, various motions, including Manitowoc's Motion for Summary Judgment, were pending. Dozens of motions have been filed throughout the course of this case, many of which have involved discovery disputes.

On March 31, 2011, this Court granted Manitowoc's Motion for Summary Judgment with respect to Counts I and III of DMI's Complaint, granted the motion "to the extent that Count II alleges breach of express contract" and denied the motion "to the extent that Count II alleges breach of the implied covenant of good faith and fair dealing." (Doc. 238). This Court granted DMI leave to amend its complaint under Fed. R. Civ. P. 15(a)(2) if it wished to proceed on the theory of breach of an implied covenant of good faith and fair dealing. (Id.). On April 18, 2011, DMI filed an Amended Complaint (Doc. 240), which included a "Count Four" for "Breach of the Duty of Good Faith and Fair Dealing." (Id. at 26). DMI's original Complaint (Doc. 1) contained 43 numbered paragraphs, and its Amended Complaint contained 182 numbered paragraphs. This Court understands that the claim of breach of the implied covenant of good faith and fair dealing is based on facts that have been the subject of discovery, although the Amended Complaint has expounded on the basis of the claim and the damages recoverable under that theory may not have been the focus of previous discovery.

## III. DISCUSSION

DMI's filing of an Amended Complaint articulating a cause of action for breach of the

implied duty of good faith and fair dealing constitutes good cause for a limited modification of the pretrial deadlines in the Second Amended Scheduling Order to permit discovery limited to Count IV and alleged damages specifically relating thereto.

Rule 33(a)(1) of the Federal Rules of Civil Procedure permits parties leave to serve additional interrogatories so long as the request is consistent with Rule 26(b)(2). Fed. R. Civ. P. 33(a)(1). Rule 26(b)(2) requires the Court to limit discovery if it determines the discovery sought is "unreasonably cumulative or duplicative, "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).

According to Manitowoc, no discovery has been conducted on the newly asserted Count IV, although this Court is aware that substantial discovery regarding the breach of contract claim occurred. (Doc. 246, at 4). The discovery sought by Manitowoc thus appears not to be unreasonably cumulative or duplicative under the circumstances. Because Count IV was not filed until April 18, 2011, Manitowoc has not had sufficient opportunity to obtain discovery specifically on Count IV under the circumstances. An amended scheduling order permitting additional interrogatories limited in scope to Count IV likely will be beneficial to the parties and should pose no undue burden. Because extensive discovery already has occurred on the underlying facts giving rise to the allegations in Count IV, however, this Court's expectation is that any additional discovery should only relate to alleged damages under Count IV and new allegations contained in the Amended Complaint that were not the focus of prior discovery. Considering the ample opportunity that the parties already have enjoyed for discovery on the other claims and overlapping underlying facts, 90 days of

additional discovery will suffice. Any discovery conducted during this period shall not include deposing any witnesses who already have been deposed, unless by agreement of the parties or leave of the Court upon a showing of good cause.

## IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendants' Motion for Amended Scheduling Order and Leave to Serve Additional Interrogatories (Doc. 245) is granted in part and denied in part. DMI and Manitowoc may each serve a maximum of ten additional interrogatories that specifically inquire into the basis for DMI's newly asserted Count IV for breach of the implied covenant of good faith and fair dealing and any alleged resulting damages. The interrogatories shall not be repetitious of previously served interrogatories. It is further

ORDERED that the scheduling order shall be amended as follows:

1. The Local Civil Rules of Practice of the United States District Court for the District of South Dakota ("Local Civil Rules") apply to this case where not inconsistent with the Federal Rules of Civil Procedure. Counsel are expected to read the Local Civil Rules and be mindful of the underlying purpose of the Federal Rules of Civil Procedure, as set for in Rule 1 of those Rules, "to secure the just, speedy, and inexpensive determination of every action and proceeding."

2. The deadline has passed to move to join additional parties and to amend the pleadings.

3. The discovery deadline was May 16, 2011. Additional discovery shall be limited in scope to Count IV according to the terms discussed above and, including expert discovery, shall be commenced in time to be completed by **September 13, 2011**, and a maximum of ten (10) additional interrogatories will be allowed, and responses thereto shall be due thirty (30) days after service. The maximum number of requests for admission by each class of

      party remains at seventy-five (75) requests, including such requests already made, and responses thereto shall be due thirty (30) days after service. Discovery responses must be supplemented as additional information is available.

4. There will be a maximum of twelve (12) depositions for each party, including depositions already taken and excluding depositions of experts, and each deposition shall be limited to seven (7) hours unless extended by agreement of the parties, and all depositions, except expert depositions, shall be completed by **September 13, 2011**.

5. A deposition may be taken of each designated expert.

6. All motions, other than motions in limine, together with supporting briefs, shall be filed and served on or before **September 13, 2011**; that opposing parties shall file and serve answering materials and briefs on or before **October 11, 2011**; and reply briefs shall be filed and served on or before **October 21, 2011**.

7. The final date for submitting Rule 26(a)(3) witness lists, designation of witnesses whose testimony will be presented by deposition, and exhibit lists shall be twenty (20) days before trial; and the final date for the parties to file objections under Rule 26(a)(3) is fifteen (15) days before trial.

8. **That counsel are to contact the Court during the month of October of 2011 for purposes of scheduling a pretrial conference and motion hearing.** The lawyer who will be the lead counsel at trial for each of the parties is to be in attendance at the pretrial conference unless specifically excused by the Court from being in attendance.

9. All motions in limine, with supporting authority, shall be in writing and filed, together with proposed instructions, with supporting authority, with the Court ten (10) working days before trial.

10. That a jury trial to take place in Sioux Falls, South Dakota, will be set at the pretrial conference.

11. The parties shall promptly contact the Magistrate so that

>   the possibility of settlement discussion with the assistance of the Magistrate can be pursued.

12. The schedule herein may be modified by the Court upon a showing of good cause.

Dated June 14th, 2011.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE
